**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-CV-25054-LEIBOWITZ/AUGUSTIN-BIRCH**

**VIOLETTA LEE and DENISS IVANTSOV,**

**Plaintiffs,**

**v.**

**SAINT PETERSBURG MARKET LLC d/b/a BAKU CAFE and SLAVIK GURSHUMOV,**

**Defendants.**
______________________________________/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' EXPEDITED MOTION TO SET ASIDE CLERK'S DEFAULTS AND DENY PLAINTIFFS' MOTION FOR DEFAULT FINAL JUDGMENT**

This cause comes before the Court on two Motions. Plaintiffs Violetta Lee and Deniss Ivantsov filed a Motion for Default Final Judgment. That Motion is fully briefed at docket entries 34, 40, and 45. Defendants Saint Petersburg Market LLC d/b/a Baku Cafe and Slavik Gurshumov filed an Expedited Motion to Set Aside Clerk's Defaults. That Motion is fully briefed at docket entries 37 and 46, together with a declaration filed at docket entry 47.

The Honorable David S. Leibowitz, United States District Judge, referred the two Motions to the undersigned United States Magistrate Judge. DE 35; DE 42. The Court has carefully reviewed all of the briefing, the attachments thereto, and the record and is fully advised in the premises. As set forth below, the Court recommends that Defendants' Motion [DE 37] be **GRANTED** and that Plaintiffs' Motion [DE 34] be **DENIED**.

## I. Procedural Background

Plaintiffs filed a Complaint on October 31, 2025, against Baku Cafe Inc. and Defendant Gurshumov, alleging that they violated the Fair Labor Standards Act ("FLSA") by failing to pay

Plaintiffs minimum and overtime wages and violated the FLSA and Florida Whistleblower Act ("FWA") by retaliating against Plaintiffs by terminating their employment when they complained about unlawful business practices. DE 1. Defense counsel filed a notice of appearance on behalf of Defendant Gurshumov on December 2, meaning that defense counsel received electronic notification of all docket activity as of that date. DE 5.

Plaintiffs' deadline to serve process was January 29, 2026. *See* Fed. R. Civ. P. 4(m) (setting a ninety-day deadline for service of process after a complaint is filed). Plaintiffs did not file proof of service by that deadline or move for the deadline's extension. On February 23, Judge Leibowitz ordered Plaintiffs to file proof of service by March 2, warning that failure to file proof of service by that deadline would result in dismissal of the case without further notice. DE 6.

Plaintiffs did not file proof of service by Judge Leibowitz's deadline or move for the deadline's extension. Instead, on March 2, Plaintiffs filed an Amended Complaint naming Defendant Gurshumov together with Defendant Saint Petersburg Market LLC d/b/a Baku Cafe (rather than naming Baku Cafe outright) and raising the same FLSA and FWA claims. DE 7. On March 5, seeing no proof of service on the docket, Judge Leibowitz dismissed this case. DE 9.

The following day, Plaintiffs moved for reconsideration and to reopen the case. DE 10. Judge Leibowitz explained that Plaintiffs remained in defiance of his proof-of-service deadline but nevertheless granted their motion. DE 11 at 3. As part of the justification for reopening the case, Judge Leibowitz stated that "any error here arises only from counsel's negligence (as opposed to any error on the part of Plaintiffs themselves)," and "counsel now appear ready to move this case forward." *Id.* Judge Leibowitz ordered Plaintiffs to file proof of service on Defendant Gurshumov by March 24 and to file proof of service on Defendant Saint Petersburg Market within the time permitted under the Federal Rules of Civil Procedure. *Id.* at 3–4.

Plaintiffs did not comply with Judge Leibowitz's Order. Plaintiffs did not file proof of service on Defendant Gurshumov until May 8, with that proof reflecting Defendant Gurshumov had been served on December 10. DE 14. In a subsequent Order, Judge Leibowitz stated that "Plaintiffs had remained in defiance of [his] orders for months without any explanation whatsoever" and required them to show cause for their failure to comply with his Orders. DE 17 at 3. Judge Leibowitz also ordered Plaintiffs to file proof of service on Defendant Saint Petersburg Market by June 1, warning that failure to comply would result in the immediate dismissal of the claims against Defendant Saint Petersburg Market without further notice. *Id.* In a show cause response, Plaintiffs' counsel acknowledged that the failure to comply with Court Orders was a mistake and "a result of undersigned counsel's own negligence." DE 21.

Under one of Judge Leibowitz's Orders, Defendant Gurshumov's deadline to respond to the First Amended Complaint was stayed until Defendant Saint Petersburg Market was served with process. DE 4 at 1 ("The time for responsive pleadings—for all Defendants—begins to run once all Defendants have *either* (1) been served *or* (2) waived service. If the Defendants face response periods of different lengths . . . all Defendants will be subject to the *longest* of those response periods."). Despite the fact that Defendant Gurshumov's deadline to respond was stayed, Plaintiffs moved for clerk's default against him on June 12. DE 25. The Clerk of Court entered default that same day. DE 27. This entry of default was improper because Defendant Gurshumov was not in default given the stay of his response deadline.

In addition, on June 12, Plaintiffs moved for clerk's default against Defendant Saint Petersburg Market. DE 26. The Clerk of Court entered default that day. DE 28. This entry of default was also improper. Judge Leibowitz would later question whether Defendant Saint Petersburg Market had been served in compliance with Florida law, DE 29, and Plaintiffs acknowledged that they did not complete substitute service of process on Defendant Saint

Petersburg Market under Florida law until July 5. DE 32 at 4; DE 34 at 2; *see* Fla. Stat. § 48.161(8) ("Service of process is effectuated under this section on the date the affidavit of compliance is filed, or the date when the notice of service requirements under subsection (3) are completed, whichever is later.").

If Defendant Saint Petersburg Market was properly served on July 5, then both Defendants' deadline to respond to the First Amended Complaint was July 27. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (setting a twenty-one-day deadline to respond to a complaint after service of process). Defendants did not respond by that deadline. Judge Liebowitz entered an Order requiring Plaintiffs to move for default final judgment by August 10. DE 33. On that date, Plaintiffs filed the Motion for Default Final Judgment that is now before the Court. DE 34. Then, on the day Defendants' response to the Motion for Default Final Judgment was due, Defendants filed their Expedited Motion to Set Aside Clerk's Defaults together with their response and a proposed joint answer. DE 37; DE 39; DE 40.

## II. Legal Standard for Setting Aside a Clerk's Default

The Court considers first Defendants' Expedited Motion to Set Aside Clerk's Defaults because, if the default against them should not go forward, then Plaintiffs' Motion for Default Final Judgment necessarily should be denied. A "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "'Good cause' is a mutable standard, varying from situation to situation." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quotation marks omitted). "It is also a liberal one—but not so elastic as to be devoid of substance." *Id.* (quotation marks omitted). "'[G]ood cause' is not susceptible to a precise formula[.]" *Id.*

However, with respect to setting aside an entry of default, "some general guidelines are commonly applied." *Id.* "Courts have considered whether the default was culpable or willful,

whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.* But "these factors are not talismanic," and "courts have examined other factors including whether public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.* (quotation marks omitted).

"Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* (quotation marks omitted). "[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id.* at 951–52.

In the end, "default judgment is a drastic remedy which should be used only in extreme situations." *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 877 (11th Cir. 2023) (alterations and quotation marks omitted). There is a "strong policy of determining cases on their merits," and "default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015) (quotation marks omitted).

## III. Analysis of Defendants' Motion

The Court considers several factors and, ultimately, concludes that the clerk's defaults should be set aside. First, the willfulness factor. Plaintiffs contend that Defendants' failure to timely respond to the Amended Complaint was willful. They argue that, several times before Defendant Saint Petersburg Market was served effectively, defense counsel pledged to file a notice of appearance and, in one instance, committed to filing an answer.[1] Further, defense counsel began

[1] Even if defense counsel had filed a notice of appearing on behalf of Defendant Saint Petersburg Market when he said he would, Plaintiffs still would have had an obligation to effectively serve Defendant Saint Petersburg Market with process and file proof of service on the docket, per the Federal Rules of Civil Procedure and Judge Liebowitz's Orders. Plaintiffs do not assert that defense counsel ever agreed to waive service of process.

receiving electronic notification of all docket activity as of December 2, so he received notice that (1) according to Plaintiffs, Defendant Saint Petersburg Market was served by substitute service on July 5, DE 32; (2) Judge Leibowitz had ordered Plaintiffs to move for default final judgment by August 10, DE 33; and (3) Plaintiffs moved for default final judgment by that deadline, DE 34. Still, Defendants delayed filing anything.

These events might demonstrate negligence or even willfulness on the part of defense counsel, but they do not necessarily indicate willfulness on the part of Defendants themselves. The Court sees no evidence that Defendants knew they had been served by July 5, knew they had a twenty-one-day deadline to respond to the Amended Complaint, and willfully failed to comply with that deadline.

With respect to defense counsel's conduct, the procedural background shows that, on multiple occasions, Judge Leibowitz has given Plaintiffs' counsel leeway for negligence resulting in failure to comply with deadlines. *See* DE 11 at 3 (explaining that "any error here arises only from counsel's negligence (as opposed to any error on the part of Plaintiffs themselves)"); DE 21 (Plaintiffs' counsel's acknowledgement that "errors were a result of undersigned counsel's own negligence"). It is inappropriate to punish Defendants for their counsel's failure to respond to the Amended Complaint on time when Plaintiffs have been given additional chances when their counsel also failed to comply with deadlines.

To show that Defendants themselves acted willfully, Plaintiffs argue that Defendants avoided service of process. Even if Defendants did avoid service, and even if their avoidance shows willfulness, this was pre-service willfulness, not willfulness in failing to respond to the Amended Complaint on time following service—that is, not willfulness in defaulting. The willfulness that a court considers in determining whether to set aside a default is "whether the default was culpable or willful." *Compania Interamericana*, 88 F.3d at 951. The Court does not

see willfulness on the part of Defendants themselves in failing to timely respond to the Amended Complaint that would counsel against setting aside the clerk's defaults.

Considering next the factor of prejudice to Plaintiffs, they argue that setting aside the clerk's defaults will prejudice them because they "have waited nearly a year" for wages they are due, "bore the expense of thirteen service attempts, skip traces, and substituted service," and "completed an entire court-ordered default-judgment process." DE 46 at 11. The delay in payment of wages to Plaintiffs does not weigh against setting aside the clerk's defaults. Even if Defendants had responded to the Amended Complaint on time, this case undoubtedly still would be proceeding through litigation, and Plaintiffs still would be waiting for the wages they maintain they are due.

The expenses Plaintiffs incurred to serve Defendants also do not weigh against setting aside the clerk's defaults. Plaintiffs would have borne these expenses even if Defendants had timely responded to the Amended Complaint. If Plaintiffs' case is meritorious, they ultimately may be able to recoup their service expenses. *See* Fed. R. Civ. P. 54(d)(1) (allowing a prevailing party to recover costs); 29 U.S.C. § 216(b) (allowing a prevailing plaintiff in an FLSA case to recover the costs of the action).

Plaintiffs would not have incurred the expense to brief their Motion for Default Final Judgment and to respond to Defendants' Expedited Motion to Set Aside Clerk's Defaults, had Defendants responded to the Amended Complaint on time. But that expense pales in comparison to the expense of litigating the case to a resolution on its merits, which Plaintiffs would be doing even if Defendants had timely responded. If Plaintiffs' case is meritorious, they may be able to recoup the expense of the default-related briefing. *See* 29 U.S.C. § 216(b) (allowing a prevailing plaintiff in an FLSA case to recover a reasonable attorney's fee). In the end, Plaintiffs have identified some prejudice as a result of Defendants' default, but the prejudice factor does not strongly weigh against setting aside the clerk's defaults.

The Court considers next the factor of whether Defendants have presented a meritorious defense. Defendants maintain that they do have meritorious defenses. Defendants state that one of their defenses to the FLSA claims is that Plaintiffs were contractors, rather than employees, and thus not protected under the FLSA. Whether an individual is an employee or contractor is heavily fact-specific. The Court is unable to determine on this undeveloped record whether Defendants' contractor defense is meritorious. But there is a "strong policy" that their defense should be determined on its merits, rather than through default. *See Surtain*, 789 F.3d at 1244–45 (quotation marks omitted).

Defendants state that one of their defenses to the FWA claims is that they did not terminate Plaintiffs' employment. This too is a fact-specific inquiry that the Court is unable to resolve on the undeveloped record but that should be determined on its merits instead of through default. As the Court is unable to determine at this juncture whether the defenses Defendants articulate are meritorious, this factor is neutral.

Finally, the Court addresses the matter of fairness. The procedural background section of this Report and Recommendation recounts numerous instances of Plaintiffs' counsel failing to comply with deadlines, without moving for deadline extensions. On one occasion, counsel's failure led Judge Leibowitz to dismiss this case. Despite the missed deadlines, Plaintiffs have been given additional chances and the opportunity to proceed with their claims on their merits.

Now, Plaintiffs fault Defendants for missing one deadline—their July 27 deadline to respond to the Amended Complaint. Defendants attempted to remedy their failure to comply with that deadline four weeks later by filing their Expedited Motion to Set Aside Clerk's Defaults. Just like Plaintiffs, Defendants should be given an additional chance and the opportunity to litigate the claims and defenses on their merits. Given the procedural background of this case, the factor of fairness weighs strongly in favor of setting aside the clerk's defaults. Having considered the

parties' briefing, the record, and the relevant factors, the circumstances present good cause to set aside the clerk's defaults.

## IV. Recommendation

For the foregoing reasons, the Court recommends that Defendants' Expedited Motion to Set Aside Clerk's Defaults [DE 37] be **GRANTED**. The Court recommends that the clerk's defaults [DE 27; DE 28] be **VACATED** and that Defendants be permitted to file a response to the Amended Complaint.[2] The Court recommends that Plaintiffs' Motion for Default Final Judgment [DE 34] be **DENIED**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 30th day of September, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

[2] The answer filed at docket entry 39 is titled as a proposed answer. If Defendants intend to answer the Amended Complaint, they should be directed to file an answer that is not merely proposed.